IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| JOAN ELAINE ROYER, | ) | CASE NO.5:18-CV-02002 |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action by Joan Elaine Royer seeking judicial review of the decision of the Commissioner of Social Security that denied her application for benefits.[2] The parties have submitted briefs,[3] the transcript has been filed[4] and an oral argument has been conducted.[5] For the reasons that follow, I will conclude that substantial evidence supports the decision of the Commissioner only in part and so the matter must be remanded.

Royer is a younger individual with a high school education that has not worked since January 2012.[6] The ALJ found severe impairments as to degenerative disc disease of

---

[1] ECF No. 15. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF Nos. 14, 17, 18.
[4] ECF No. 10.
[5] ECF No. 20.
[6] Tr. at 17, 24.

the lumbar spine, osteoarthritis, piriformis syndrome, sciatica and depressive disorder.[7] The ALJ further found that Royer had a residual functional capacity for light work with some additional limitations.[8]

Royer contends that the ALJ erred by basing the physical limitations of the RFC on an outdated opinion of a non-examining physician[9] and, as regards the mental restrictions, by failing to give good reasons for giving greater weight to the medical opinion of non-examining state agency consultant over that of an examining consultant.[10]

Specifically, as to the physical limitations, the ALJ gave significant weight to the opinions of two state agency reviewing physicians[11] – Dr. Diane Manos, M.D., who gave her opinion in October 2015,[12] and Dr. Bradley Lewis, M.D., whose opinion is dated February 1, 2016.[13] In both cases, the ALJ found these opinions to be consistent with "recurrent signs of intact muscle strength and sensation," which the ALJ determined was indicative of a greater ability to stand, walk or lift than Royer stated, as well as consistent with objective findings of only minor degenerative changes to the lumbar spine and right knee – evidence, the ALJ stated, of "pain levels less than what the claimant has described."[14]

---

[7] *Id.* at 17.
[8] *Id.* at 20.
[9] ECF No. 14 at 10-13.
[10] *Id.* at 13-18.
[11] Tr. at 23.
[12] *Id.* at 80.
[13] *Id.* at 108.
[14] *Id.* at 23.

Royer contends that subsequent physical examination in 2016 – occurring after the opinions by these state record examiners – show that she was having spasms, decreased flexion, slow antalgic gait, positive straight leg raises, and decreased sensations in lumbar spine.[15] Another later 2016 examination by a pain management physician – also subsequent to the state agency reviewers' opinions – recorded similar findings of leg numbness, right leg pain and spasms, and also noted that Royer had failed her physical therapy.[16] A CT scan of the cervical spine in 2017 showed mild to moderate neural foraminal stenosis,[17] and a 2016 MRI of the lumbar spine – done after the state record review was completed – showed mild bilateral neural foraminal narrowing.[18]

The ALJ here does not undertake an on the record analysis of why it the additional medical evidence cited above is not relevant to the weight given to the opinions of the state agency reviewers. Indeed, the ALJ essentially invites such an analysis by claiming – as a reason for giving significant weight to the 2015 and early 2016 opinions of the state agency reviewers – that these opinions are "consistent with the recurrent signs of intact muscle strength and sensation" that are indicative of lower pain levels than what Royer claimed.[19] It is difficult to credit these statements by the ALJ as "good reasons" when he has conducted no on the record discussion of why later treatment notes from examining sources

---

[15] ECF No. 14 at 12 (citing tr. at 886).
[16] ECF No. 14 at 8 (citing tr. at 871-73).
[17] ECF No. 14 at 8 (citing tr. at 804).
[18] ECF No. 14 at 8 (citing tr. at 931).
[19] Tr. at 23.

appear to directly undercut the ALJ's understanding of the consistency of Royer's pain and the objective basis for those reports.

As to the mental limitations, the ALJ gave significant weight to the January 2016 opinion of Courtney Zeune, Ph.D. a state agency reviewer, and only some weight to the August 2015 opinion of Michael Harvan, Ph.D., a one-time examining source.[20] Here, the reason given for the assignment of weight is that Harvan's opinion "[did] not appear to indicate the presence of marked limitations in job function because of psychological symptoms."[21] His opinion, according to the ALJ, was "vague" because it did not provide sufficient specifics "in terms of function-by-function limitation."[22]

I note here initially, as the Commissioner points out, that, regardless of weight assigned, the ALJ largely incorporated the functional opinion of Dr. Harvan, limiting Royer to simple, routine tasks but not at a production rate pace; restricting her to only occasional interactions with supervisors, co-workers and the public; and permitting only few changes in a routine work setting.[23] Royer, however, contends that although the RFC incorporates much of Dr. Harvan's functional limitations, it does not further incorporate a limitation as to maintaining concentration, persistence and pace.[24]

A review of Dr. Harvan's actual opinion discloses that he did specifically evaluate Royer's functioning in the area of "maintaining attention and concentration and

---

[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] ECF No. 17 at 8.
[24] ECF No. 14 at 15.

maintaining persistence and pace to perform simple tasks and to perform multi-step tasks."[25] Harvan concluded that Royer "had difficulty focusing attention and concentrating" and that her "pace of performance was delayed," noting that Royer occasionally needed to have questions repeated.[26] But Harvan also explicitly noted that Royer "was persistent at tasks."[27]

Given this assessment, the RFC language restricting Royer to "simple, routine tasks but not at a production rate pace" is not inconsistent with Dr. Harvan's assessment. In particular, while Royer did have difficulty with concentration, Dr. Harvan was clear that she also was persistent. Thus, there is not an issue here where a slower pace does not fully accommodate a worker who may lose concentration and attention but can regain it by asking questions and persisting in the task – both attributes of Royer as noted by Harvan.

Accordingly, for the reasons stated, I find that although substantial evidence supports the decision of the Commissioner as to the mental limitations of the RFC, substantial evidence does not support the physical limitations. I remand the case for reconsideration of the RFC findings as to physical limitations.

IT IS SO ORDERED.

Dated: September 26, 2019                 s/William H. Baughman Jr.
                                                                                     United States Magistrate Judge

---

[25] Tr. at 673.
[26] *Id*.
[27] *Id*.